IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN ELWOOD WALKER, SR., )
)
Petitioner, )
)
v. ) 1:11CV128
)
UNITED STATES OF AMERICA, )
)
Respondent. )

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to Withdraw Reference to a Magistrate Judge ("§ 636(c)(4) Motion") [Doc. #68] pursuant to 28 U.S.C. § 636(c)(4) filed by Petitioner Jonathan Elwood Walker, Sr. The Magistrate Judge originally construed this § 636(c)(4) Motion as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In doing so, the Magistrate Judge denied the Motion under Rule 59(e), but out of an abundance of caution, the Magistrate Judge directed the Clerk to re-docket the Motion as a Motion pursuant to § 636(c)(4) seeking an order to vacate the reference to the Magistrate Judge. For the reasons discussed herein, the Court will deny Petitioner's § 636(c)(4) Motion.

I. PROCEDURAL BACKGROUND

On February 17, 2011, Petitioner filed his Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a response in addition to filing a Motion for Summary Judgment as to the Original Petition. Petitioner then filed a Motion to Amend his Petition, to add additional claims. Respondent filed a Response to the Amended Petition and a Motion for Summary Judgment as to the Amended Petition. In total, Petitioner asserted five separate claims

between his Original Petition and Amended Petition. Specifically, Petitioner asserted two claims alleging he had ineffective assistance of counsel, a claim that his constitutional rights were violated by the recording of certain jailhouse telephone calls, and a claim that the trial court erred in not questioning the jury concerning a note they sent to the trial judge requesting leniency for Petitioner at sentencing. Petitioner, thereafter, filed various other motions seeking additional amendments and additional relief.

On July 1, 2011, the undersigned Judge entered an Order of Reference to a United States Magistrate Judge [Doc. #21]. In the Order of Reference, the Court ordered that because "all parties have consented in writing, pursuant to the United States Magistrate Act of 1979 [Title 28 U.S.C. § 636(c)], to exercise by a United States Magistrate Judge of jurisdiction in this case, and for good cause appearing to the Court" the case "is referred to United States Magistrate Judge L. Patrick Auld to conduct all proceedings including a jury or nonjury trial, to order the entry of judgment, and to conduct all post-judgment proceedings therein." [Doc. #21]. In acting pursuant to the Order of Reference, the Magistrate Judge entered a Memorandum Opinion and Order on December 18, 2014, granting Respondent's Motions for Summary Judgment, denying Petitioner's § 2254 Original and Amended Petitions, and denying Petitioner's other various motions for relief. Accordingly, in granting Respondent's Motions for Summary Judgment and denying the Petitions, the Magistrate Judge also entered a Judgment dismissing the action without issuance of a certificate of appealability.

Petitioner filed a Notice of Appeal to the Fourth Circuit [Doc. #70] as to the Magistrate Judge's Memorandum Opinion and Order denying his § 2254 Petition. Petitioner, however, also

filed an Objection to the Memorandum Opinion and Order and a Supplement to that Objection in this action. The Magistrate Judge construed the Objection and Supplemental Objection as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner also filed what he entitled an "Amendment to Motion 60(b)(6)." The Magistrate Judge entered two separate Text Orders regarding these filings. First, the Magistrate Judge entered a Text Order denying the Petitioner's Motion to Alter or Amend the Judgment finding that Petitioner had not shown grounds for relief under Rule 59(e). In that same Text Order, however, the Magistrate Judge directed the Clerk to re-docket the Objection and Supplemental Objection as a Motion under 28 U.S.C. § 636(c)(4) seeking an order vacating the reference of this matter to the Magistrate Judge. Second, the Magistrate Judge entered a Text Order denying the Petitioner's filing entitled "Amendment to Motion 60(b)(6)" finding that such filing re-hashes a matter addressed in the Magistrate Judge's Memorandum Opinion and Order.

Based on the Magistrate Judge's direction, the Clerk re-docketed Petitioner's Objection and Supplemental Objection as the § 636(c)(4) Motion. For the reasons stated below, the Court will deny Petitioner's § 636(c)(4) Motion.

II.     DISCUSSION

Petitioner's § 636(c)(4) Motion asserts two separate categories of arguments. First, Petitioner states that he now has an issue filing anything in the "Greensboro Federal Court" because his state court trial judge is now a federal district court judge presiding in Greensboro. Petitioner states that he believes this creates a conflict of interest. Second, Petitioner makes specific and general objections to the Magistrate Judge's Memorandum Opinion and Order.

3

Therefore, the Court will address each of these arguments separately.

In Petitioner's first argument, it appears that he is arguing that the alleged conflict of interest created a basis for the Magistrate Judge's recusal. Thus, Petitioner appears to request that the referral of his Petition to the Magistrate Judge be vacated. This argument, however, is without merit. Pursuant to § 636(c)(1) and upon consent of the parties, a United States Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). In this action, the parties involved did in fact consent, as evidenced by the Order of Reference entered by the undersigned Judge. [Doc. #70]. This referral, however, may be vacated "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Id. at § 636(c)(4).

Petitioner's only argument in support of vacating the referral appears to be that the Magistrate Judge should have recused himself. Section 455 of Title 28 of the United States Code, provides in relevant part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Petitioner, however, has not provided any basis on which the Court can find that the Magistrate Judge's impartiality may be reasonably questioned. The Magistrate Judge was not Petitioner's state court trial judge. Rather, Petitioner states that his state court trial judge is now federal District Court Judge Catherine C. Eagles. Thus, there is no direct connection between the Magistrate Judge and the Petitioner's assertions of error in his § 2254 Petition. Instead, Petitioner is attempting to imply that in some way the Magistrate Judge cannot be impartial

because his chambers are in the same courthouse as Judge Eagles's chambers. The Court is unaware of any case law supporting a finding that a judge lacks impartiality based on the location of his chambers. Accordingly, Petitioner has failed to show good cause or extraordinary circumstances that allow the Court to vacate the referral of this action.

Petitioner's second category of arguments in his § 636(c)(4) Motion attack the findings made in the Magistrate Judge's Memorandum Opinion and Order. After a judgment is entered in a case referred to the Magistrate Judge, however, "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." Id. at § 636(c)(3). Accordingly, because a final judgment was entered in this matter, Petitioner's arguments that attack the Magistrate Judge's findings should be made on appeal to the Fourth Circuit, rather than being made by way of objections to the district court. See Darnell v. Rossen, 116 F.3d 187, 188 (6th Cir. 1997) (finding that "sole proper appellate forum" for the aggrieved party who had consented to have all of the proceedings, including entry of a final judgment, conducted by a magistrate judge, was the court of appeals.) As the Court noted above, Petitioner has in fact filed a Notice of Appeal with the Fourth Circuit. Accordingly, Petitioner may raise his objections to the Magistrate Judge's Memorandum Opinion and Order in that forum.

III.    CONCLUSION

In sum, Petitioner has failed to show good cause or extraordinary circumstances to vacate the referral of this matter to the Magistrate Judge. Additionally, Petitioner's arguments attacking the Magistrate Judge's findings must be made in conjunction with Petitioner's appeal to the

Fourth Circuit. Accordingly, the Court must deny Petitioner's § 636(c)(4) Motion.

IT IS THEREFORE ORDERED that Petitioner's § 636(c)(4) Motion [Doc. #68] is DENIED.

This the 19th day of March, 2015.

/s/ James A. Beaty
United States District Judge